Brett M. Anders, Esq. (Bar ID #015201997)
Cody C. Hubbs, Esq. (Bar ID #339942020)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD PIZZA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TOYOTA OF MORRISTOWN, JONATHAN BRAUER, ELIZABETH BRAUER, ABC CORPS #1-5 (fictitious names) and JOHN DOES #1-5 (fictitious names),<br><br>　　　　Defendants. | Civ. Action No.<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, MORRIS COUNTY** |

TO:　Casha, Casha & Evans, LLC
　　　Donald S. Dinsmore, Esq.
　　　115 Horseneck Road, Suite 2
　　　Montville, New Jersey 07045
　　　Attorneys for Plaintiff

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Toyota of Morristown ("TOM"), Jonathan Brauer and Elizabeth Brauer (collectively, "Defendants") respectfully submit this Notice and Petition for Removal of this case from the Superior Court of New Jersey, Law Division, Morris County, bearing Docket No. MRS-L-001775-22, and states as follows as grounds for removal:

1.　On October 11, 2022, Plaintiff Leonard Pizza filed a civil action against Toyota of Morristown, Jonathan Brauer and Elizabeth Brauer in the Superior Court of New Jersey, Law Division, Morris County, captioned as Leonard Pizza v. Toyota of Morristown, Jonathan

Brauer, Elizabeth Brauer, ABC Corps #1-5 (fictitious names) and JOHN DOES #1-5 (fictitious names), Docket No. MRS-L-001775-22.

2.   Defendants were served with a copy of the summons and complaint on October 20, 2022. A true and correct copy of the Complaint in that action is attached hereto as Exhibit A.

3.   This action arises out of Plaintiff's claims in his complaint of: (1) an alleged violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:1-1 *et seq.* ("LAD"); (2) an alleged violation of the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.*; and (3) an alleged violation of the Family Medical Leave Act, 29 U.S.C. § 2612 *et seq.*

4.   The Summons and Complaint constitute all pleadings, process and other documents provided to Defendants in this action. The Complaint was the initial pleading received by Defendants setting forth the claims upon which Plaintiff's action is based.

5.   This Notice of Removal is timely filed under 28 U.S.C. § 1446, as Defendants have effected removal within thirty (30) days of service of a paper from which it first could be ascertained that this action is removable.

6.   Defendant has not filed an answer or other pleading in the Superior Court of New Jersey, or made any appearance in the Superior Court of New Jersey.

7.   This action is removable to this Court based on its federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

8.   In the Complaint, Plaintiff specifically alleges claims under the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.* and the Family Medical Leave Act, 29 U.S.C. § 2612 *et seq.*

9.   Accordingly, the Complaint establishes that this action is removable to this

Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

10.    This Court has supplemental jurisdiction over Plaintiff's claims under the New Jersey Law Against Discrimination.

11.    Venue is proper in this Court.

12.    Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including Plaintiff's failure to state any claims upon which relief may be granted.

13.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and filed with the Clerk of the Superior Court of New Jersey, Law Division, Morris County.

14.    By copy of this Notice of Removal and in accordance with the Certificate of Service, Defendants are providing notice to all parties in this action of the filing of this Notice pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants respectfully request the within action, now pending in the Superior Court of New Jersey, Law Division, Morris County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200

By:    *s/ Brett M. Anders*
Brett M. Anders
Cody C. Hubbs
Attorneys for Defendants

Dated: November 17, 2022
4882-0058-0411, v. 1

# EXHIBIT A

CASHA, CASHA & EVANS, LLC
115 HORSENECK ROAD, SUITE 2
MONTVILLE, NEW JERSEY 07045
PHONE # (973) 263-1114    FAX # (973) 263-1830
DONALD S. DINSMORE, ESQ. (ATTORNEY ID 000402007)
ATTORNEYS FOR PLAINTIFF,
LEONARD PIZZA

| | |
|---|---|
| LEONARD PIZZA<br>　　　　Plaintiff,<br><br>vs.<br><br>TOYOTA OF MORRISTOWN,<br>JONATHAN BRAUER, ELIZABETH<br>BRAUER, ABC CORPS #1-5 (fictitious<br>names) and JOHN DOES #1-5 (fictitious<br>names),<br>　　　　Defendants. | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: MORRIS COUNTY<br>:<br>:　　　DOCKET NO.<br>:<br>:　　　Civil Action<br>:<br>:　　　COMPLAINT AND<br>:<br>:　　　JURY DEMAND<br>:<br>:<br>: |

Plaintiff, Leonard Pizza, by way of Complaint against the Defendants, Toyota of

Morristown, Jonathan Brauer, Elizabeth Brauer, ABC Corps #1-5 (fictitious names) and John

Does #1 through 5 (fictitious names) says:

## PRELIMINARY STATEMENT

1.　　Plaintiff Leonard Pizza was born on August 3, 1953.

2.　　The Plaintiff was married to Betty Jane Panos on December 28, 2000.

3.　　The Plaintiff had over thirty (30) years of experience in automotive sales with

a large customer base.

MRS-L-001775-22   10/11/2022 5:32:11 PM   Pg 2 of 12   Trans ID: LCV20223605061

4.    In January of 2014, the Plaintiff was hired for a sales position at the franchise location of Defendant Toyota of Morristown (hereinafter referred to as "TOM").

5.    The Plaintiff held his position until January 20, 2022 with TOM, at which time his employment was unjustly terminated.

6.    TOM is owned by Defendant Jonathan Brauer.

7.    Defendant Elizabeth Brauer is the wife of Johnathan Brauer and the General Manager of TOM.

8.    During the Plaintiff's eight (8) year tenure with TOM, he was an exemplary salesman and drew from his existing client base to sell vehicles.

9.    Plaintiff went above and beyond to network within his community with several civic organizations in order to maintain his client base and benefit the Defendants.

10.    On or about September 2, 2021, Plaintiff received email correspondence from Dawn Smith (hereinafter referred to as "Smith"), an employee of TOM who advised him to file a Family Leave Insurance Continued Claim Certification.

11.    In that email Smith stated that it does not need to be exact.

12.    On or about September 2, 2021, the Plaintiff filed a Family Leave Insurance Continued Claim Certification asking for leave from August 29, 2021 until November 30, 2021.

13.    On September 9, 2021, Smith acknowledged receipt in an email of the Family Leave Insurance Continued Claim Certification and stated: "if you need more time or anything changes, please let us know".

- 2 -

MRS-L-001775-22   10/11/2022 5:32:11 PM   Pg 3 of 12   Trans ID: LCV20223605061

14.    Plaintiff spoke with General Sales Manager of TOM, Ray Maglione (hereinafter referred to as "Maglione"), Maglione told the Plaintiff that he would relay Plaintiff's message to Defendant Elizabeth Brauer that Plaintiff should be able to return to work in December.

15.    Plaintiff was never informed by the Defendant that his request for additional leave would not be granted, nor that the Defendants had any objection to the same.

16.    On December 9, 2021, the Plaintiff had a text exchange with Ray Maglione (hereinafter referred to as "Maglione"), General Sales Manager of TOM.

17.    During the text exchange described herein above between the Plaintiff and Maglione, the Plaintiff stated that his wife was doing better and that he could return to work.

18.    In response to the Plaintiff's text described in Paragraphs 16 and 17 herein, Maglione said that he would look into the matter.

19.    On the following day, December 10, 2021, the Plaintiff inquired if Maglione had spoken to Defendant Elizabeth Brauer.

20.    In the text exchange on December 10, 2021, Maglione replied to Plaintiff that Defendant Elizabeth Brauer said it would be best to wait until Plaintiff could come back full time to work.

21.    Plaintiff visited the showroom of TOM during the month of December 2021.

22.    On or around December 25, 2021, Plaintiff spoke with Defendant Elizabeth Brauer about returning to work in January of 2022.

- 3 -

23.    Through January 2022, the Plaintiff continued to correspond with Maglione regarding a customer that he wanted to refer to TOM.

24.    On January 10, 2022, Plaintiff attempted to return to work full-time.

25.    Plaintiff was told by the Defendant on January 10, 2022 that due to the COVID-19 outbreak, it was unsafe for him to work.

26.    On January 10, 2022, Plaintiff emailed Maglione stating that he and his wife had both been vaccinated and that he needed to return to work.

27.    On January 20 2022, Defendant Jonathan Brauer sent a letter to the Plaintiff thanking him for his interest in working at TOM and stating that unfortunately there was no need for a salesman at this time.

28.    The January 20, 2022 letter also acknowledged that his request for family leave had been granted to the Plaintiff.

29.    The January 20, 2022 letter from Defendant Jonathan Brauer to the Plaintiff unlawfully terminated his employment.

30.    At the time of Plaintiff's unlawful termination from his employment with TOM, he was sixty-eight (68) years of age.

31.    Non-senior sales associates with similar records were retained by TOM while the Plaintiff was unlawfully terminated.

32.    Plaintiff was one of a few employees that was over the age of 65 at TOM.

- 4 -

33.     As an employee who is more senior in age, the Plaintiff was more likely than younger employees to use benefits afforded to him under the Family Medical Leave Act (hereinafter referred to as "the FMLA").

34.     Defendants discriminated against Plaintiff because of his age and use of the FMLA.

## PARITIES AND JURISDICTION

35.     Plaintiff resides at 2 Spartan Avenue, Parsippany-Troy Hills, Morris County, New Jersey.

36.     Defendant TOM has a principal place of business at 169 Ridgedale Avenue, Morristown, Morris County, New Jersey.

37.     Defendants Jonathan Brauer and Elizabeth Brauer also have a principal place of business at 169 Ridgedale Avenue, Morristown, Morris County, New Jersey.

38.     Venue is proper in Morris County as it is the county of residence for the Plaintiff and it is the county in which all of the Defendants maintain a business address and otherwise conduct business.

39.     ABC Corps 1-5 are fictitious names for corporations or other business entities which may be liable for the Plaintiff's damages.

40.     John Does 1 through 5 are fictitious individuals meant to represent the owners, officers, directors, shareholders, founders, members, managers, agents, servants, employees,

- 5 -

representatives and/or independent contractors of the Defendants who may be liable for Plaintiff damages.

41.     Upon Plaintiff learning of the identity of Defendants, John Does #1-5 and ABC Corps #1-5, Plaintiff shall amend the Complaint to identify them, pursuant to the Rules of the Court.

## COUNT I

### DEFENDANTS VIOLATED THE NEW JERSEY LAW AGAINST DISCRIMINATION; N.J.S.A 10:1-1 ET SEQ.

42.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-41 above as if more fully set forth herein.

43.     The foregoing acts of the Defendants represent a violation of the New Jersey Law Against Discrimination.

44.     As a senior citizen, the Plaintiff is a member of a protected class.

45.     The Plaintiff was actually performing the job prior to termination.

46.     The Plaintiff was nevertheless fired.

47.     Non-protected workers with comparable records were retained while the Plaintiff was fired.

48.     The Plaintiff was terminated under circumstances that would give rise to an inference of discrimination.

49.     The Plaintiff was terminated due to his age.

- 6 -

**WHEREFORE**, Plaintiff demands judgment against Defendants, Toyota of Morristown, Jonathan Brauer, Elizabeth Brauer, ABC Corps #1-5 (fictitious names), and John Does #1 through 5 (fictitious names), jointly, severally and in the alternative, for the following relief:

    (A)    Compensatory Damages;

    (B)    Punitive Damages;

    (C)    Attorneys' fees; and

    (D)    Such further relief as the Court deems equitable and just.

## COUNT II

### DEFENDANTS VIOLATED THE AGE DISCRIMINATION and EMPLOYMENT ACT; 29 U.S.C §621 ET SEQ.

50. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-49 above as if more fully set forth herein.

51. TOM employs at least twenty (20) people.

52. Defendant terminated Plaintiff because of his age.

**WHEREFORE**, Plaintiff demands judgment against Defendants, Toyota of Morristown, Jonathan Brauer, Elizabeth Brauer, ABC Corps #1-5 (fictitious names), and John

- 7 -

Does #1 through 5 (fictitious names), jointly, severally and in the alternative, for the following relief:

    (A)    Compensatory damages, including but not limited to back pay and liquidated damages;

    (B)    Punitive damages;

    (C)    Attorneys' fees; and

    (D)    Such further relief as the Court deems equitable and just.

## COUNT III

## DEFENDANTS VIOLATED THE FAMILY MEDICAL LEAVE ACT; 29 U.S.C §2612 ET SEQ.

53. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-52 above as if more fully set forth herein.

54. Upon information and belief, Defendants employs at least fifty (50) employees for each working day each of the twenty (20) or more calendar weeks in the current or preceding year.

55. Upon information and belief, Defendants employ fifty (50) or more employees withing a seventy-five (75) mile radius.

56. Plaintiff worked at least 1,250 hours during the last twelve (12) month of his employment.

57. Plaintiff's wife suffered an illness, injury, impairment, and physical condition that

- 8 -

involved inpatient care, a period of incapacity combined with treatment by a healthcare provider, chronic conditions, long-term incapacity conditions and other conditions requiring multiple treatments due to suffering a stroke, compounded by complications of having diabetes.

58. Plaintiff gave Defendants timely notice of his need to take medical leave.

59. Plaintiff should have been reinstated to his position as a Sales Associate with Defendant TOM upon his request to return on December 9, 2021.

60. Plaintiff exercised his FMLA rights and sought to return to work which is protected activity.

61. Defendants termination of the Plaintiff was materially adverse and was likely to discourage a reasonable worker in a similar position as the Plaintiff, from exercising their right under the FMLA.

62. A causal connection exists between the Plaintiff's FMLA exercise and attempt to return to work and his termination.

**WHEREFORE**, Plaintiff demands judgment against Defendants, Toyota of Morristown, Jonathan Brauer, Elizabeth Brauer, ABC Corps #1-5 (fictitious names), and John Does #1 through 5 (fictitious names), jointly, severally and in the alternative, for the following relief:

(A)    Compensatory damages, including but not limited to back pay and liquidated damages;

- 9 -

(B)    Punitive damages;

(C)    Attorneys' fees; and

(D)    Such further relief as the Court deems equitable and just.

CASHA, CASHA & EVANS, LLC
Attorneys for Plaintiff

DATED:  October 11, 2022          By:_____

DONALD S. DINSMORE, ESQ.
For the Firm

## JURY DEMAND

The Plaintiff hereby demand trial by a jury on all issues contained in the Complaint.

CASHA, CASHA & EVANS, LLC
Attorney for Plaintiff

Dated:  October 11, 2022          By:_____

Donald S. Dinsmore, Esq.
For the Firm

## DESIGNATION OF TRIAL COUNSEL

Pursuant to *R. 4:25-4*, Donald S. Dinsmore, Esquire, is hereby designated as trial counsel for the Plaintiffs in the above matter.

CASHA, CASHA & EVANS, LLC
Attorney for Plaintiff

DATED: October 11, 2022

By: _____
Donald S. Dinsmore, Esquire
For the Firm

## Certification Pursuant to Rule 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

CASHA, CASHA & EVANS, LLC
Attorneys for Plaintiff

DATED: October 11, 2022

By: _____
Donald S. Dinsmore, Esquire
For the Firm

- 11 -

## *RULE 4:5-1* CERTIFICATION

THE UNDERSIGNED hereby certifies that:

1.      I am an attorney at law of the State of New Jersey and an Associate with the law firm of Casha, Casha & Evans, LLC. In that capacity, I am familiar with the facts of this case.

2.      To the best of my knowledge, information and belief, our investigation and investigation on behalf of our client has disclosed that the matter in controversy is not the subject of any other court or arbitration proceeding and that no other such proceeding is contemplated, nor has it disclosed any other parties who should be joined in the within action.

3.      I am aware of my continuing obligation during the course of this litigation to file and serve on all other parties and with this Court an amended Certification if there is a change in the facts stated in this Certification.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

CASHA, CASHA & EVANS, LLC
Attorneys for Plaintiffs

DATED: October 11, 2022           By: _____
Donald S. Dinsmore, Esquire
For the Firm

W:\Pizza-L\22178\Complaint nd Jury Demand.docx

- 12 -