<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LEONARD PIZZA,<br><br>  Plaintiff,<br><br>  v.<br><br>TOYOTA OF MORRISTOWN, et al.,<br><br>  Defendants. | Civil Action No. 22-06657<br><br>**OPINION**<br><br>December 3, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendants Toyota of Morristown ("TOM"), Jonathan Brauer, and Elizabeth Brauer's (together, "Defendants") Motion for Summary Judgment against Plaintiff Leonard Pizza ("Plaintiff"). (ECF 33, "MSJ.") Plaintiff opposed. (ECF 34, "Opp.") Defendants filed a reply brief. (ECF 35, "Reply.") The Court reviewed all submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion for Summary Judgment is **GRANTED**.

I. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>[1]

Plaintiff is a former salesperson at TOM. (ECF 1, Compl. ¶ 4.) On or about July 15, 2021, Plaintiff requested and was granted a leave of absence due to his wife's medical condition. (ECF

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1, "Compl."), the parties' submissions regarding undisputed material facts (ECF 33-2, Defendants' Statement of Undisputed Material Facts ("DSMF"), ECF 34-1, Plaintiff's Response to Defendants' Statement of Undisputed Material Facts, ("PSMF"), and ECF 35-1, Defendants' Response to Plaintiff's Counter-Statement "Resp. SMF")), Defendants' brief in support of the motion for summary judgment (ECF 33, MSJ), Plaintiff's opposition brief (ECF 34, Opp.), and Defendants' reply brief. (ECF 35, Reply.)

33-2, DSMF ¶¶ 14-15.) The leave of absence included 12 weeks of leave under the Family Medical Leave Act ("FMLA"). (ECF 1, Compl. ¶¶ 10-13, 28.) Plaintiff's leave of absence continued until January 10, 2022, when Plaintiff sought to return to work full-time. (*Id.* ¶ 24.) Plaintiff was told that it was unsafe for him to work on January 10 due to the COVID-19 outbreak. (*Id.* ¶ 25.) On January 20, 2022, Defendant Jonathan Brauer sent a letter to Plaintiff stating, *inter alia*, that there was no need for a salesman at that time, thereby terminating his employment. (*Id.* ¶¶ 27, 29.) Plaintiff was sixty-eight years old at the time of termination. (*Id.* ¶ 30.)

Plaintiff filed the instant action on October 11, 2022 in state court; Defendants removed the action to federal court on November 17, 2022. (ECF 1.) Defendants move for summary judgment against Plaintiff on age discrimination claims under the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 *et seq.* (Count I) and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count II); Defendants also move for summary judgment against Plaintiff on retaliatory termination claims in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Count III). (*See* ECF 33, MSJ.) Plaintiff opposed. (ECF 34, Opp.) Defendants filed a reply. (ECF 35, Reply.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if the movant shows that "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)).

The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

### III. ANALYSIS

Defendants move for summary judgment against Plaintiff on age discrimination claims under NJLAD and ADEA and on a retaliatory termination claim in violation of the FMLA. (*See* ECF 33, MSJ.) The Court discusses each claim in turn.

#### A. NJLAD and ADEA

"Age discrimination claims under the ADEA and [NJ]LAD are governed by the same standards and allocation of burdens of proof." *E.g., Lawrence v. Nat'l Westminster Bank N.J.*, 98 F.3d 61, 65 (3d Cir. 1996). Additionally, because Plaintiff relies on circumstantial rather than direct evidence of discriminatory animus to support his age discrimination claims, the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies to both his ADEA and NJLAD claims at the summary judgment stage. *Smith v. City of Allentown*, 589 F.3d 684, 689-90 (3d Cir. 2009) (applying the *McDonnell Douglas* framework to ADEA claims); *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 300 (3d Cir. 2004) (applying the *McDonnell Douglas* framework to ADEA and NJLAD claims). This framework requires plaintiffs first to present a prima facie case establishing[2] that they were (1) over the age of forty; (2) subject to an adverse employment action; (3) qualified for their position; and that (4) the adverse employment action was because of their age. *Fowler v. AT&T, Inc.*, 19 F.4th 292, 299 (3d Cir. 2021). If successful, the burden of production shifts to the employer-defendants to articulate legitimate, non-discriminatory reasons for their actions. *Id*. If such reasons exist, the plaintiffs can only overcome summary judgment by pointing to evidence "that could cause a jury 'either to (1)

---

[2] Courts in this district have noted that "the prima facie case under the *McDonnell Douglas–Burdine* pretext framework is not intended to be onerous. The prima facie case merely 'raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *See Saggiomo v. J. Ambrogi Food Distribution, Inc.*, No. 21-11315, 2023 WL 2092125, at *4 n.10 (D.N.J. April 26, 2023) (quoting *Sempier v. Johnson & Higgins*, 45 F.3d 724, 728-29 (3d Cir. 1995) (citation omitted) (quoting *Furnco Constr. Co. v. Waters*, 438 U.S. 567, 577 (1978))).

disbelieve the employer's articulated legitimate reasons, or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'" *Id.* (quoting *Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 668 (3d Cir. 1999) (internal alterations omitted)).[3]

Here, the parties do not contest that Plaintiff was over the age of forty and subject to adverse employment action. (*See generally* ECF 33, MSJ; *see also* ECF 34, Opp.) Defendants argue that Plaintiff fails to satisfy all four elements of the prima facie case because the record demonstrates that Plaintiff was not qualified for his position and because the adverse employment action was not causally linked to Plaintiff's age. (ECF 33, MSJ at 8-12.) With respect to the third prong, Defendants cite to the record demonstrating that Plaintiff was among the worst performing salespersons throughout his employment in terms of front-end average gross profit. (ECF 33-2, DSMF ¶¶ 50-56). Plaintiff admits and otherwise fails to set forth evidence to contest this assertion. (ECF 34-1, PSMF ¶¶ 50-56; *see also* ECF 34, Opp. at 4-6.) With respect to the fourth prong, Defendants argue that Plaintiff cannot establish that the adverse employment action was because of Plaintiff's age. (ECF 33, MSJ at 10-12.) Plaintiff failed to introduce evidence that establishes an inference of age discrimination or that his employment was replaced by a younger individual. Further, Plaintiff conceded on the record that he was unaware of any evidence to support a claim of age discrimination. (ECF 33-2, DSMF ¶¶ 61-62.)[4] As such, Plaintiff failed to introduce sufficient evidence for a prima facie case under either NJLAD or the ADEA.

---

[3] To be clear, "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009).

[4] Plaintiff summarily denies the quote from Plaintiff's deposition transcript, with no other citation to other evidence in the record to counter this assertion. Additionally, Plaintiff improperly denies several paragraphs of Defendants' Statement of Material Facts without providing citations to the particular parts of materials in the record that support such a denial in violation of Fed. R. Civ. P. 56(c)(1) and Local Civil Rule 56.1. As such, these paragraphs are considered undisputed for purposes of this motion. *See Smith v. Twp. of Clinton*, No. 17-935, 2018 U.S. Dist. LEXIS 149366, at *1 (D.N.J. Aug. 31, 2018) (finding that the plaintiff's response to the defendant's statement of facts

Further, even if Plaintiff established his prima facie case of discrimination, Defendants proffered a legitimate, nondiscriminatory reason for Plaintiff's layoff that was compelling: Plaintiff's poor performance in gross sales profit as compared to other salespeople at TOM. (*See* ECF 33-2, DSMF ¶¶ 46-57; *see also* ECF 33, MSJ at 12.) This satisfies the "light" burden Defendants carry "to articulate a legitimate, nondiscriminatory reason for" laying Plaintiff off. *See Sams v. Pinnacle Treatment Ctrs., Inc.,* No. 18-09610, 2021 WL 2010570, at *4 (D.N.J. May 20, 2021) (quoting *Sgro v. Bloomberg L.P.*, 331 F. App'x 932, 937 (3d Cir. 2009)).

Plaintiff argues that this stated reason for his layoff is pretextual, and that Defendants were, in truth, motivated by his age. (ECF 34, Opp. at 8 ("All economics [sic] reasons as set forward by the Defendants having been proven irrelevant, their explanations can only be described as pretextual.").) But Plaintiff must demonstrate "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [Defendants'] proffered legitimate reasons for [their] actions, such that a jury could disbelieve that it was the real reason behind the negative employment action." *Sams*, 2021 WL 2010570, at *5 (quoting *Hellman v. Am. Water Works Serv. Co., Inc.*, No. 17-12961, 2020 WL 2189967, at *6 (D.N.J. May 6, 2020)). Indeed, he must show that Defendants' proffered reason is "'so plainly wrong that it cannot have been the employer's real reason,' and that the only logical explanation is that [D]efendant[s] w[ere] motivated by discrimination." *Sams*, 2021 WL 2010570, at *5 (quoting *Hellman*, 2020 WL 2189967, at *6). Given this standard, no reasonable jury could come to that conclusion. *Dunleavy v. Montville Twp.*, No. 04-01154, 2005 WL 1917610, at *3 (D.N.J. Aug. 9, 2005), *aff'd*, 192 F. App'x 100 (3d Cir. 2006). Plaintiff asserts

---

was improper as it contained "improper arguments, conclusions, and purported disputes of fact without proper citation to the record"), *aff'd,* 791 F. App'x. 363 (3d Cir. 2019); *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 U.S. Dist. LEXIS 40587, at *15 n.2 (D.N.J. Mar. 26, 2012) ("[T]he court will consider any statement of fact which was not denied by the Plaintiffs with a citation to the record as undisputed for the purposes of this motion for summary judgment.") (internal citations omitted).

that the economic reasons set forth by Defendants are "irrelevant." (ECF 34, Opp. at 8.) However, this alone is insufficient to allow a jury "either to (1) disbelieve the employer's articulated legitimate reasons, or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fowler*, 19 F.4th at 299 (quotation and internal alterations omitted). As such, Plaintiff's age discrimination claims accordingly fail. For the foregoing reasons, Plaintiff's claims under the NJLAD and ADEA cannot survive analysis under the *McDonnell Douglas* burden-shifting framework: whether or not Plaintiff states a prima facie case, he cannot demonstrate that Defendants' proffered legitimate, non-discriminatory reason for laying him off was pretextual. Defendants are therefore entitled to summary judgment as to Counts I and II.

### B. FMLA

To succeed on FMLA retaliation claims, plaintiff must prove that he (1) invoked his right to FMLA-qualifying leave, (2) suffered adverse employment decisions, and (3) the adverse actions were causally related to his invocation of rights. *E.g., Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-02 (3d Cir. 2012). Here, Defendants concede that Plaintiff invoked his right to FMLA leave and suffered an adverse employment action. (*See* ECF 33, MSJ at 14-15.) Thus, the only remaining question is whether that action was causally related to his invocation of rights.

To demonstrate the third prong of a prima facie case, Plaintiff "must point to evidence sufficient to create an inference that a causative link exists between [his] FMLA leave and [his] termination." *Lichtenstein*, 691 F.3d at 307 (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279-81 (3d Cir. 2000)). Here, Plaintiff sought additional leave beyond his FMLA leave time.[5] As such, Plaintiff is unable to establish the requisite causal link because he exhausted his FMLA

---

[5] Plaintiff's FMLA leave was granted on September 3, 2021 and expired on November 26, 2021. (ECF 33-2, DSMF ¶ 38.) He was granted additional leave from November 27, 2021 through January 10, 2022. (*Id.*)

7

leave and sought additional leave. *See Marsh v. GGB, LLC*, 455 F. Supp. 3d 113, 123 n.9 (D.N.J. 2020) ("Because Plaintiff's activity—invoking leave time he did not have—is not a protected activity, there can be no causative link between his termination and a protected activity."). Nonetheless, even if Plaintiff could be deemed to state a prima facie claim, Defendants have articulated a legitimate, non-discriminatory basis for terminating Plaintiff, which Plaintiff has not adequately rebutted: Plaintiff's poor performance in gross sales profit as compared to other salespeople at TOM. (ECF 33-2, DSMF ¶¶ 46-57.) There is no record evidence to suggest that Plaintiff was terminated for retaliation related to invoking his FMLA leave. Therefore, Defendants are entitled to summary judgment as to Count III.[6]

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF 33) is **GRANTED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Jessica S. Allen, U.S.M.J.
       Parties

---

[6] The Court grants Defendants summary judgment on all three counts for the reasons discussed above. The Court will not address remaining arguments at this time. Plaintiff's demand for punitive damages is accordingly denied.